1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRED GRAVES,

11          Petitioner,                No. CIV S-07-1227 GEB JFM P

12       vs.

13   MIKE KNOWLES, Warden,

14          Respondent.          FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court on respondent's

18   motion to dismiss the claims raised in petitioner's petition filed June 22, 2007.

19                        BACKGROUND

20          Petitioner filed this action on June 22, 2007, raising due process challenges to his

21   September 4, 2004 prison disciplinary.  On August 17, 2007, respondent filed a motion to

22   dismiss alleging that the petition is time-barred under the statute of limitations, 28 U.S.C.

23   § 2244(d)(1), and claiming that petitioner is not entitled to habeas relief because the disciplinary

24   conviction at issue did not implicate the legality or duration of petitioner's confinement.  After

25   receiving an extension of time, petitioner filed a timely opposition on October 15, 2007.

26   Respondent filed a reply on October 22, 2007.

ANALYSIS

Section 2244(d)(1) of Title 28 of the United States Code provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  The prison disciplinary was incurred by petitioner on September 4, 2004.  (Pet. at 8.)  Petitioner sought administrative review of the disciplinary through three levels of the inmate appeal system.  (Pet., Exs. B, C & D.)  However, the third level review was returned as untimely, on February 10, 2005.  (Pet., Ex. D.)[1]

---

[1]  Petitioner contends that his administrative appeal was rejected for the final time on June 21, 2005.  (Opp'n at 3.)  Petitioner appends a copy of a letter from N. Grannis, Chief, Inmate Appeals Branch, dated June 21, 2005, referencing the same prison disciplinary and returning the appeal as untimely using the same language as the Grannis memo dated February

1            2.  On December 19, 2005, petitioner filed a petition for writ of habeas corpus in

2  the Sacramento County Superior Court, State of California; the petition was signed December 8,

3  2005.  (Resp.'s Mot., Ex. A.)  That petition was denied on the merits on February 15, 2006.  (Id.)

4            3.  On October 6, 2006, petitioner filed a petition for writ of habeas corpus in the

5  California Court of Appeal, Fourth District; the petition was signed September 27, 2006.

6  (Resp.'s Mot., Ex. B.)  On October 30, 2006, the California Court of Appeal denied the petition

7  without comment.  (Id.)

8            4.  On March 5, 2007, petitioner filed his first petition for writ of habeas corpus in

9  the California Supreme Court; that petition was signed March 1, 2007.  (Resp.'s Mot., Ex. C.)

10  The California Supreme Court denied the petition on March 21, 2007.  (Id.)

11            5.  On June 18, 2007, petitioner submitted the instant petition to this court.[2]

12            Pursuant to § 2244(d)(1)(A), the statute of limitations began to run against

13  petitioner on February 10, 2005, when he completed exhaustion of his administrative remedies.

14  Absent statutory or equitable tolling, petitioner's federal habeas petition was due on or before

15  February 9, 2006.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  In accordance

16  with the tolling provisions of 28 U.S.C. § 2244(d)(2), petitioner was "entitled to tolling of the

17  one-year limitations period for those time periods during which his 'properly filed' state habeas

18  petitions were 'pending.'"  Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).  The period

19

20  10, 2005.  (Compare Pet., Ex. D, to Opp'n, Appendix A#5.)  However, petitioner has not

explained how he obtained the June 21, 2005 memo, or why it was not appended to his original

21  petition, and petitioner has not provided any legal authority supporting his opinion that the June

21, 2005 memo should serve as the third level rejection as opposed to the February 10, 2005

22  memo.  It may be that the June 21, 2005 rejection was a response to petitioner's request for

reconsideration.  (See Pet., Ex. D, bottom portion of memo.)  However, it is undisputed that

23  petitioner received the February 10, 2005 rejection.  As will become apparent below, using the

June 21, 2005 date would not help petitioner in any event.

24

25        [2]  The first amended petition was file stamped in this court on June 22, 2007.  However, it

was signed by petitioner on June 18, 2007 and presumably delivered to prison officials for

26  mailing on that date.  The latter date is therefore the filing date for purposes of the statute of

limitations.  See Houston v. Lack, 487 U.S. 266 (1988).

1    between the denial of a state petition and the timely filing of a subsequent petition in a higher

2    court is also tolled.  See Evans v. Chavis, 546 U.S. 189, 191 (2006);  Carey v. Saffold, 536 U.S.

3    214, 223 (2002).  Under California law, prisoner seeking relief on collateral review file timely if

4    the document is filed within a "reasonable time."  Evans, 546 U.S. at 192, citing In re Harris, 5

5    Cal.4th 813, 828, n.7, 21 Cal.Rptr.2d 373 (1993); see also Carey v. Saffold, supra, at 221.

6          The statute of limitations period began to run on February 10, 2005, and stopped

7    when petitioner signed on December 8, 2005 the first petition for writ of habeas corpus filed in

8    the Sacramento County Superior Court.  By that date, 301 days of the 365-day statute of

9    limitations period had expired.  It is undisputed that petitioner is entitled to statutory tolling for

10   the period from December 8, 2005 to February 15, 2006, when his habeas petition in the

11   Sacramento County Superior Court was denied.  By February 15, 2006, petitioner had 64 days

12   left to file his federal petition unless additional tolling applied.

13         Respondent's contention that petitioner is not entitled to interval tolling in light of

14   the unreasonable delay between the denial by the superior court and petitioner's filing in the

15   California Court of Appeal, made some 223 days later is well-taken.  See Evans, 546 U.S. at 198-

16   201 (concluding that an unexplained and unjustified filing delay of six-months is unreasonable);

17   Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (concluding that unexplained delays of

18   18, 15, and 10 months between habeas filings are unreasonable and could not be subject to

19   interval tolling).  As noted above, petitioner delayed the filing of his petition in the California

20   Court of Appeal by over seven months.  The United States Supreme Court has held that such an

21   interval is unreasonable under California law.  Accordingly, the interval between that filing and

22   the denial by the superior court cannot serve to toll the statute of limitations period.  See Evans,

23   546 U.S. at 201; Gaston, 447 F.3d at 1167.  Thus, the 64 days petitioner had left to file his

24   federal petition expired during the period between February 15, 2006 and September 23, 2006,

25   /////

26   /////

4

1   rendering the petition untimely,[3] unless petitioner is entitled to equitable tolling for a substantial

2   period of time.

3   III.  Equitable Tolling

4          The one-year period of limitation contained in 28 U.S.C. § 2244(d) is a statute of

5   limitations subject to tolling.  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,

6   1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court

7   (Kelly), 163 F.3d 530 (9th Cir. 1998).  "Equitable tolling will not be available in most cases, as

8   extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

9   control make it impossible to file a petition on time."  Calderon, 128 F.3d at 1288-89.  Courts are

10  expected to "take seriously Congress's desire to accelerate the federal habeas process."  Id. at

11  1289.  See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth

12  Circuit's standard as setting a "high hurdle" to the application of equitable tolling).

13         Even where extraordinary circumstances are shown, equitable tolling will not be

14  available unless the petitioner diligently pursued his claims.  Calderon, 128 F.3d at 1289.

15  Equitable tolling is appropriate only when external forces, rather than a petitioner's lack of

16  diligence, account for the petitioner's failure to file a timely habeas petition.  Miles v. Prunty,

17  187 F.3d 1104, 1107 (9th Cir. 1999).  The petitioner bears the burden of demonstrating grounds

18  for equitable tolling.  Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005);

19  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

20         Petitioner contends he was placed in administrative segregation on January 8,

21  2006, and was "unable to access his legal property due to his pending transfer to a S.H.U."

22  (Opp'n at 3.)  Petitioner was released from administrative segregation on September 8, 2006.

23

24         [3]  Even assuming, arguendo, that the statute of limitations were tolled during that period,
    the petition is still untimely.  Petitioner would be entitled to tolling from September 27, 2006
25  through March 21, 2007, during the pendency of the remainder of his collateral challenge in state
    court.  Assuming the 64 days began to run again on March 21, 2007, the instant petition was due
26  in federal court on May 24, 2007.  The instant petition was not submitted herein until June 18,
    2007, 25 days too late.

Construing the opposition liberally, as this court is required to do, the court construes his claim concerning his incarceration in administrative segregation as a request for equitable tolling during that eight month period.

Petitioner states he was unable to access his legal property due to his pending transfer. Petitioner does not suggest that he was deprived of his legal materials for his eight month confinement to administrative segregation and does not specifically identify what legal materials he was without. Moreover, there are procedures in place to enable an inmate held in administrative segregation to obtain his legal materials as well as to access the law library, particularly when faced with court deadlines. Petitioner has not indicated that he requested such access and was denied. In addition, court records reflect that petitioner was able to file legal documents in the Eastern District of California during that time.[4] See Graves v. Knowles, CIV S-04-1279 LKK GGH P (documents filed by petitioner on February 2, 2006; February 16, 2006; March 6, 2006; April 5, 2006); and Graves v. Gentry, S-05-1478 FCD DAD P (July 21, 2006; August 23, 2006; September 5, 2006). Petitioner has failed to demonstrate how his incarceration in administrative segregation made it impossible for him to file the instant petition on time. Petitioner has therefore failed to meet his burden of demonstrating grounds for equitable tolling. Cf. Alcaraz v. Giurbino, 2006 WL 2521808 (E.D. Cal. 2006)(Alcaraz entitled to equitable tolling where he was without access to his legal materials for a period of six months because his legal material was confiscated by prison officials and then misplaced); Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir.2005) (equitable tolling warranted where inmate confined in administrative segregation was denied access to legal files for eleven months despite his repeated requests for them).

/////

/////

---

[4] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    However, even if petitioner were granted equitable tolling for the entire eight

2 month period, it would not make a difference as his federal petition was filed 25 days too late.

3 (See footnote 3, infra, at 4.)

4    In accordance with the above, IT IS HEREBY RECOMMENDED that

5 respondent's August 17, 2007 motion to dismiss be granted.

6    These findings and recommendations are submitted to the United States District

7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

8 days after being served with these findings and recommendations, any party may file written

9 objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

11 that failure to file objections within the specified time may waive the right to appeal the District

12 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED:  October 24, 2007.

14

15                              UNITED STATES MAGISTRATE JUDGE

16

17 1;grav1227.mtd

18

19

20

21

22

23

24

25

26