IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED GRAVES,

    Petitioner,                   No. CIV S-07-1227 GEB JFM P

    vs.

MIKE KNOWLES, Warden,

    Respondent.                 <u>ORDER</u>

_____/

         Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a September 4, 2004 prison disciplinary.  On December 26, 2007, petitioner filed a notice of appeal.  Petitioner contends that a certificate of appealability is not required because he challenged an administrative decision rather than his underlying criminal conviction.

         A habeas petitioner must secure a certificate of appealability where "the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A).  The Ninth Circuit Court of Appeals construed this language to hold that a certificate of appealability "is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence."  <u>White v. Lambert</u>, 370 F.3d 1002 (9th Cir. 2004), <u>cert. denied</u>, <u>White v. Morgan</u>, 543 U.S. 991 (2004)(White's challenge to the denial of parole or any other administrative decision by prison officials in making a determination regarding the execution of his sentence does not require a certificate of appealability).  In making this distinction, the court

1

looks at who made "the detention decision complained of by the state prisoner," an administrative body or a judicial one, in determining whether a certificate of appealability is required. Rosas v. Nielsen, 428 F.3d 1229, 1231 (9th Cir. 2005), quoting White, 370 F.3d at 1010.

The instant petition does not challenge the state court judgment or sentence, but rather decisions rendered by the California Department of Corrections. Thus, a certificate of appealability is not required. The Clerk of the Court will be directed to process petitioner's appeal.[1]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to refer petitioner's December 26, 2007 appeal to the Court of Appeals for the Ninth Circuit and to delete the second portion of docket entry 21 as noted in footnote 1 above.

DATED: January 11, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001;grav1227.app

---

[1] The Clerk will also be directed to modify docket entry 21 to reflect that petitioner only filed a Notice of Appeal. (The text entry "REQUEST for Certificate of Appealability" should be deleted.)

2